**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 15-20336

DERAL DEWAYNE DORSEY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS FOR LEAVE TO SUPPLEMENT, DENYING DEFENDANT'S § 2255 MOTION TO VACATE HIS SENTENCE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING AS MOOT DEFENDANT'S MOTION FOR A RESENTENCING HEARING**

Pursuant to a Rule 11 agreement, Deral Dewayne Dorsey pleaded guilty to a being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 27.) He was sentenced to 57 months imprisonment. (ECF No. 35.) Before the court is Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255. (ECF No. 38.)

The government filed a response (ECF No. 46), and Defendant filed a reply (ECF No. 47). Defendant also filed a Motion for Leave to Supplement his § 2255 motion (ECF No. 42), Motion for Leave to Supplement his reply to the government's response (ECF No. 51), and Motion for a Resentencing Hearing (ECF No. 52). The court will grant Defendant's motions to supplement and consider his supplemental briefing (ECF Nos. 44, 50) in its analysis of the § 2255 motion.

For the reasons stated below, Defendant's § 2255 Motion to Vacate Sentence will be denied. Consequently, his Motion for a Resentencing Hearing will be denied as moot.

# I. BACKGROUND

The following facts are taken from Defendant's sentencing memorandum and request for downward variance. (ECF No. 31.) Police officers performed two controlled buys of heroin using a confidential informant at a residence in Westland, Michigan. (*Id.*, PageID.164–65.) They subsequently obtained a search warrant for the residence, which they executed on December 4, 2014, after which they arrested Defendant. (*Id.*) Officers recovered five firearms inside the house. (*Id.*, PageID.165.) During the search, officers also found .8 grams of heroin on Defendant's person, as well as some suspected marijuana. (*Id.*) A small amount of suspected Xanax was found elsewhere in the house. (*Id.*) Defendant admitted to the police that he snorted heroin. (*Id.*, PageID.165, 166.) The heroin was chemically tested. (*Id.*, PageID.166.)

This account of the facts aligns with that in the Rule 11 plea agreement. (ECF No. 27.) The "factual basis for guilty plea" section explains that Defendant confirmed he lived at the residence searched and kept some of the firearms for protection. (*Id.*, PageID.130.) The "relevant conduct" section details that Defendant consented to a strip search that day, approximately one gram of heroin was found in Defendant's groin area, and Defendant later confirmed that he sold heroin. (*Id.*, PageID.133.)

The Rule 11 agreement indicates that the government and Defendant disputed whether Defendant qualified for a four-point enhancement under § 2K2.1(b)(6)(B) of the U.S. Sentencing Guidelines. (*Id.*, PageID.131.) As a result, the parties calculated different guideline ranges. The government proposed 46 to 57 months; Defendant suggested 33 to 41 months. (*Id.*) Defendant, through his counsel, argued in his sentencing memorandum and request for downward variance that there was insufficient

evidence to support the four-point enhancement. (ECF No. 31, PageID.165–67.) Ultimately, he was sentenced to 57 months imprisonment. (ECF No. 35.)

## II. STANDARD

Under § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This statute "is not a substitute for a direct appeal," and "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit relief. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 166–68 (1982)).

Defendant grounds his motion upon the alleged inadequacy of his legal representation. To establish ineffective assistance of counsel under the Sixth Amendment, Defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Defendant must show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Next, Defendant "must show that the deficient performance prejudiced the defense." *Id.*

## III. DISCUSSION

Defendant argues that he received ineffective assistance of counsel based on his attorney's failure to: object to the four-point enhancement under § 2K2.1(b)(6)(B);

3

subpoena witnesses to verify the heroin purchases; subpoena a drug crime lab technician to testify regarding the heroin; and investigate the location of law enforcement individuals, as well as the existence of a police report and lab report confirming the substance seized was heroin. (ECF No. 38, PageID.201; ECF No. 44, PageID.227–29.) He cites *Alleyne* and *Mathis* to contest the heroin found on his person during the search being used as evidence to support the enhancement and argues that he is "actually innocent" of the enhancement because he was not convicted of a drug offense based upon the heroin. (ECF No. 38, PageID.202, 210, 212; ECF No. 44, PageID.230–31; ECF No. 47, PageID.247–48.) Additionally, Defendant argues that the presentence report incorrectly computed his guideline range based upon his criminal history. (ECF No. 38, PageID.211.) The court will address each argument in turn.

First, Defendant's ineffective assistance of counsel claim based upon his attorney's failure to object to the four-point enhancement is without merit because it is contradicted by the record. Counsel *did* object to the enhancement in Defendant's sentencing memorandum and request for downward variance, arguing that there was insufficient evidence to support it. (ECF No. 31, PageID.165–67.) This objection is also noted in the plea agreement, which includes that "Defendant contends that he does not qualify for the four-point enhancement under U.S.S.G. § 2K2.1(b)(6)." (ECF No. 27, PageID.131.) Because counsel objected to the enhancement, this argument fails.

Next, Defendant argues that his counsel was ineffective in that he did not call witnesses and seek police and lab reports to verify that the substance found on his person was heroin. As the government points out, however, Defendant admitted that the substance was heroin. He agreed to the Rule 11 which included as "relevant conduct"

that two controlled buys of heroin were conducted at Defendant's house, one gram of heroin was found on Defendant's person when he was searched on December 4, 2014, and Defendant confirmed he sold heroin. (ECF No. 27, PageID.132–33.) While the agreement indicates that Defendant contested whether he qualified for the enhancement, it did not state that Defendant contested the heroin-related facts. Defendant describes as much in his sentencing memorandum, including that the heroin (unlike the other suspected drugs) underwent chemical analysis. (ECF No. 31, PageID.165.) Counsel was not deficient for failing to seek additional proof regarding the heroin because Defendant admitted its existence in his plea.

Defendant's references to *Alleyne* and *Mathis* do not alter this conclusion. In *Alleyne v. United States*, 570 U.S. 99 (2013), the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at. 103. *Alleyne* is inapplicable to the present case, which did not involve a mandatory minimum, because "judicial factfinding that affects the guidelines calculation does not fit within the category of facts required under *Alleyne* to be found by a jury beyond a reasonable doubt." *Rogers v. United States*, 561 F. App'x 440, 444 (6th Cir. 2014). Also inapplicable is *Mathis v. United States*, 136 S. Ct. 2243 (2016), which dealt with defining prior convictions for a "violent felony" under the Armed Career Criminal Act.

Similarly, Defendant's "actual innocence" argument misunderstands the law. Under § 2K2.1(b)(6)(B) of the U.S. Sentencing Guidelines, there is a four-level increase to the offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." This enhancement applies "regardless of

5

whether a criminal charge was brought, or a conviction obtained" for the other felony offense. U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) cmt. n.14(C). The fact that Defendant was not *convicted* of a felony offense based upon the heroin in this case does not preclude evidence of his *commission* of the same being used to support the enhancement.

Finally, Defendant's claim that his criminal history was miscalculated altering his guideline range is not supported by the record and is not grounds for relief under § 2255. The sentencing worksheet attached to his plea agreement indicates that he received two points—not five—for prior offenses. (ECF No. 27, PageID.143.) This placed Defendant in Criminal History Category II, which led to a guideline range of 46 to 57 months. (*Id.*, PageID.144–45.) Regardless of any miscalculations in the presentence report, Defendant's guideline range was correctly calculated on the worksheet attached to his plea agreement and he was sentenced within that range. This argument fails as well.

## IV. CONCLUSION

Because Defendant has failed to make the required showing to establish a claim for ineffective assistance of counsel or other error meriting relief, the court will deny his Motion to Vacate. The court will also deny a certificate of appealability because jurists of reason would not debate the court's analysis with respect to Defendant's claim. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Accordingly,

IT IS ORDERED that Defendant's Motion for Leave to Supplement his § 2255 motion (ECF No. 42) and Motion for Leave to Supplement his reply (ECF No. 51) are GRANTED.

IT IS FURTHER ORDERED that Defendant's § 2255 Motion to Vacate Sentence (ECF No. 38) is DENIED and a Certificate of Appealability are DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Resentencing Hearing (ECF No. 52) is DENIED AS MOOT.

          s/Robert H. Cleland         /
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: May 31, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 31, 2019, by electronic and/or ordinary mail.

          s/Lisa Wagner         /
          Case Manager and Deputy Clerk
          (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20336.DORSEY.Deny2255.2.docx