**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 15-20336

DERAL DEWAYNE DORSEY,

    Defendant.
_____/

## OPINION AND ORDER TRANSFERRING DEFENDANT'S MOTION TO VACATE SENTENCE TO THE SIXTH CIRCUIT

Defendant Deral Dewayne Dorsey pleaded guilty to felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (ECF No. 35, PageID.187.) On October 4, 2016, Defendant was sentenced to fifty-seven months imprisonment. (*Id.*, PageID.188.) Defendant then moved to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 38.) Defendant moved to supplement his motion to vacate sixteen days later and filed a supplement a month after that. (ECF Nos. 42, 44.) The government filed a response and Defendant replied. (ECF No. 46, 47.) Defendant then filed a motion to supplement his reply and filed a supplemental reply at the same time. (ECF No. 50, 51.) On May 31, 2019, the court granted Defendant's motion to supplement his § 2255 motion and granted Defendant's motion to supplement his reply brief. (ECF No. 54.) Considering all the papers that had been filed before the court, Defendant's § 2255 motion was denied. (*Id.*)

On February 11, 2020, Defendant filed a motion that purports to amend his original § 2255 motion and adds a claim based on the Supreme Court case *Rehaif v. United States*, 139 S.Ct. 2191 (2019). (ECF No. 61.)

Title 28 U.S.C. § 2255(h) provides that any "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." *See also Lang v. United States*, 474 F.3d 348, 351 (6th Cir. 2007) ("Section 2244(b)(3) provides a procedure for filing a second or successive motion, which requires, *inter alia*, that the motion originate in the court of appeals and be authorized by a three-judge panel."). Defendant alleges that "the Sixth Circuit Court of Appeals remanded [an] application for a second or successive § 2255 motion back to this [c]ourt." (ECF No. 61, PageID.295.) Nonetheless, Defendant presents no evidence of an order of remand from the Sixth Circuit or that his new *Rehaif* claim has been certified. The court has not independently received an order from the Sixth Circuit and no such order appears on the docket. The court notes that the Sixth Circuit is currently considering a second or successive motion, filed by Defendant, that seeks to vacate Defendant's sentence due to *Rehaif*. (Case No. 19-2081.) Both the current motion and the second and successive motion before the Sixth Circuit claim that Defendant lacked the necessary intent to support a conviction for felon in possession of a firearm. (*Id.*, Document 1-1, Page 9; ECF No. 61, PageID.301.)

"[W]hen a second or successive . . . § 2255 motion is filed in district court without . . . authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The court will transfer Defendant's recent motion to the Sixth Circuit.

2

Defendant argues the court's opinion denying his original § 2255 motion was not delivered to the correct address and that he was unaware of the court's closure of Defendant's § 2255 civil file. Defendant claims his current motion is thus not second or successive. However, Defendant has presented the same arguments in his second or successive motion before the Sixth Circuit. (Case No. 19-2081, Document 5.) The court will thus transfer this motion to be considered by the Sixth Circuit in conjunction with Defendant's first request.[1] Accordingly,

IT IS ORDERED that Defendant's "Motion to Amend Motion to Vacate Sentence Under 28 U.S.C. 2255" (ECF No. 61) is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit.

s/Robert H. Cleland      /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 24, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 24, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner      /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20336.DORSEY.2255Transfer.RMK.docx

---

[1] The court has had repeated difficulties serving Defendant at the correct address. (ECF Nos. 56, 62.) Defendant most recently notified the court that his address was in Ashland, Kentucky, which remains Defendant's current address on the docket. (ECF No. 58.) The court reminds Defendant that it is his responsibility to keep his address current. E.D. Mich. L.R. 11.2 ("If there is a change in contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.").