**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

                Plaintiff,

v.

                                             Case No. 15-20336

DERAL DEWAYNE DORSEY,

                Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY REQUEST FOR
COMPASSIONATE RELEASE**

Defendant Deral Dorsey pleaded guilty to being a felon in possession of a

firearm, 18 U.S.C. § 922(g)(1). (ECF No. 27.) On September 20, 2016, the court

sentenced him to fifty-seven months imprisonment. (ECF No. 35, PageID.188.) His

projected release date is March 11, 2021.

Pending before the court is Defendant's "Emergency Request for Compassionate

Release" pursuant to 18 U.S.C. § 3582. (ECF No. 65.) Defendant is thirty-one years old

and currently incarcerated at FCI Ashland in Ashland, Kentucky. In his motion, he

argues that the outbreak of the Coronavirus Disease ("COVID-19"), along with his

preexisting health conditions of high blood pressure, high cholesterol, diabetes, and

human immunodeficiency virus ("HIV"), supports his request for early release. In

response, the government does not argue that Defendant has failed to exhaust his

administrative remedies and concedes that Defendant's medical conditions constitute

"extraordinary and compelling reasons" for release. (ECF No. 67, PageID.354, 358.)

Nevertheless, the government argues that Defendant's motion should be denied

because he would present a danger to the community and because the sentencing factors outlined in 18 U.S.C. § 3553 weigh against his release. (*Id.*, PageID.355–358.) The court has reviewed the briefing and exhibits and concludes that a hearing is not necessary. E.D. Mich. LR 7.1(f)(2). For the reasons explained below, the court will deny Defendant's motion.

The court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." U.S. Sentencing Guidelines Manual § 1B1.13. The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. *Id.* § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice,

Program Statement 5050.50: Compassionate Release/Reduction in Sentence:

Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

In all, a defendant seeking compassionate release must present extraordinary

and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his

favor, must not be a threat to others as determined by § 3142(g), and must fit within one

of the four categories in § 1B.13 of the Sentencing Guidelines. 18 U.S.C. §

3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*,

Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.)

(summarizing compassionate release requirements); *see also United States v. Kincaid*,

802 Fed. App'x 187, 188 (6th Cir. 2020).

Considering the sentencing factors under 18 U.S.C. § 3553(a), Defendant's early

release is not warranted. Title 18 U.S.C. § 3553(a) provides that "[a] court, in

determining the particular sentence to be imposed, shall consider[:]"

> (1) the nature and circumstances of the offense and the history and
> characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for
>> the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational
>> training, medical care, or other correctional treatment in the most
>> effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established . . .

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives." *United States v. Kincaid*, 805 Fed. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming a district court's denial of compassionate release after consideration of § 3553(a)'s factors).

In December 2009, Defendant was convicted of trafficking marijuana. (ECF No. 27, PageID.143.) He was sentenced to two years of probation; he violated probation once. (*Id.*; ECF No. 67, PageID.360-61.) In July 2013, Defendant was convicted of possession of a controlled substance and was sentenced to one year of probation. (ECF No. 27, PageID.143.) He violated the probation conditions for his possession conviction twice. (ECF No. 67, PageID.360-61.) Defendant was changed with driving on a suspended license in 2014 but failed the appear at a pre-trial hearing. (*Id.*)

Defendant was a heavily-armed drug dealer. A December 2014 search of Defendant's home—which he shared with his young daughter and girlfriend—revealed heroin, marijuana, prescription pills, five unsecured firearms, and bags of ammunition hidden throughout the residence. (ECF No. 32, PageID.178–80; ECF No. 67, PageID.357.) He pleaded guilty to a single-count indictment of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (ECF No. 27, PageID.129.) The government calculated Defendant's sentencing guideline range as forty-six to fifty-seven months imprisonment. (*Id.*, PageID.145.) He received sentencing enhancements for

4

possessing five firearms, U.S. Sentencing Guidelines Manual § 2K2.1(b)(1), and for possession of a firearm in connection with heroin trafficking, U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B). (*Id.*, PageID.140.) Ultimately, the court sentenced Defendant to fifty-seven months imprisonment. (ECF No. 35, PageID.188.)

**"[T]he nature and circumstances of the offense and the history and characteristics of the defendant."** 18 U.S.C. § 3553(a)(1). Defendant was a heavily-armed drug dealer at the time of his arrest with a history of selling drugs. (ECF No. 67, PageID.360.) He claimed that the firearms found during the search of his home were for protection, implying that he anticipated violence in connection with his drug sales. (*Id.*, PageID.357.) Defendant has a history of failing to comply with the terms of his probation for drug offenses—violating the terms probation three times in three consecutive years—and failing to appear for court. (*Id.*, PageID. 359–360.)

Additionally, Defendant suffers from addiction and untreated mental health issues but has failed to take full advantage of the treatment services offered in his facility. (ECF No. 67, PageID.359.) He has been expelled from the BOP's non-residential drug treatment program and has twice committed infractions during his incarceration; the first for possessing drugs/alcohol and the second for making inappropriate comments to a female staff member. (ECF No. 67-2, PageID.365; ECF No. 67-3, PageID.366–68.) Defendant's criminal history and his demonstrated inability to comply with terms of release and the terms of his incarceration do not support a reduction of his sentence to time served. If released, he would be expected to comply with social distancing in free society, and to comply with restrictions on his movement and behavior consistent with standard and special conditions of supervised release. *See How to Protect Yourself &*

*Others*, Centers for Disease Control and Prevention,

https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last

visited July 1, 2020) (describing recommended behavior to mitigate the spread of

COVID-19 in the general public). Against the background of the non-compliance just

noted, the court is given nothing to reassure it that Defendant is now somehow more

ready, willing, or able to comply with post-release expectations.

**"[T]he need for the sentence imposed . . . to reflect the seriousness of the**

**offense, to promote respect for the law, and to provide just punishment for the**

**offense."** 18 U.S.C. § 3553(a)(2)(A). Defendant committed a serious crime in

connection with drug distribution. His stockpile of unsecured firearms and ammunition

posed a serious risk of danger both to his young daughter, with whom he shared his

home, and to his neighbors and community. Additionally, as noted above, Defendant

has demonstrated a lack of respect for the law in committing two felonies and failing to

comply with the terms of his earlier release. This factor weighs against early release.

**"[T]he need for the sentence imposed . . . to afford adequate deterrence to**

**criminal conduct."** 18 U.S.C. § 3553(a)(2)(B). Probation calculated Defendant's

guideline range to be fifty-seven to seventy-one months imprisonment—a calculation

higher than that of the Government—based on Defendant's criminal history. (ECF No.

32, PageID.175.) Defendant committed multiple drug offenses and now has a felony-

firearm conviction on his record. (ECF No. 27, PageID.143.) Full completion of

Defendant's fifty-seven months would better impress on him the need to reject the

criminal lifestyle in which he was engaged and refrain from committing further offenses.

**"[T]he need for the sentence imposed . . . to protect the public from further crimes of the defendant."** 18 U.S.C. § 3553(a)(2)(C). Defendant has a history of drug offenses and has demonstrated an inability or unwillingness to comply with the terms of his release. Additionally, he has failed to fully avail himself of the rehabilitation services offered in his institution. If released, the court is concerned that Defendant may fall back upon old familiar habits, and return to selling and using drugs. Given the risks to life and property that come with the narcotics trade, Defendant may also arm himself and possess and use illegal weapons.

**"[T]he sentencing range established."** 18 U.S.C. § 3553(a)(4). Defendant was sentenced within his guideline range, indeed, at the bottom of the range calculated by Probation. (ECF No. 32, PageID.175.) He is scheduled to be released in only eight months.

The outbreak of COVID-19 generally does not alter the court's analysis of § 3553's sentencing factors. Defendant points to his preexisting conditions of high blood pressure, high cholesterol, diabetes, and HIV. (ECF No. 65, PageID.320.) These diagnoses are confirmed in his medical records filed under seal by the Government. (ECF No. 68-1, PageID.380-81.) However, it also appears from these records that Defendant has not been taking all of his prescribed medication and that his HIV is asymptomatic. (*Id.*, PageID.379–380.) FCI Ashland, where Defendant is incarcerated, has no confirmed cases of COVID-19 among its 1,094 inmates and only one confirmed case among its staff. *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 1, 2020); *FCI Ashland*, Federal

Bureau of Prisons, https://www.bop.gov/locations/institutions/elk/ (last visited July 1, 2020).

Although many other prisons have experienced high rates of infection among inmates, the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).The BOP has taken actions to mitigate the spread of COVID-19 in the federal prison system. Inmates' internal movement is suspended, subject to narrow exceptions such as medical examinations; newly arriving inmates are screened for exposure risk and symptoms; symptomatic inmates, as well as asymptomatic inmates with exposure risk, are isolated; social visits have been canceled. *BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 1, 2020).

To justify Defendant's release, the court would be left to speculate that COVID-19 will spread through FCI Ashland's inmate population, despite the BOP's precautions, that Defendant would contract the disease, and that if so he would develop serious symptoms. Defendant may in fact have a greater risk of exposure in free society, where there are tens of thousands of confirmed cases, and have less effective access to medical care than at FCI Ashland. In fact, the area to which Defendant asserts he would return if released—Inkster, Michigan—is located in one of the counties with the highest rates of infection in Michigan. *Coronavirus: Michigan Data*, State of Michigan, https://www.michigan.gov/coronavirus/0,9753,7-406-98163_98173---,00.html (last visited July 1, 2020) (detailing reported COVID-19 cases across Defendant's home state of Michigan); (ECF No. 65, PageID.322.)

Considering the unique risks presented by COVID-19 and the other factors set forth above, the court will decline to order Defendant's early release. The court concludes that Defendant's continued incarceration, along with the health services available to him at FCI Ashland, will better serve his rehabilitation efforts and long-term health.

The court makes no findings as to the later suitability of home confinement and leaves such a determination to the sound discretion of BOP, which is better equipped in this case and at this juncture to make such a decision. Accordingly,

IT IS ORDERED that Defendant's "Emergency Request for Compassionate Release" (ECF No. 65) is DENIED.

s/Robert H. Cleland                        /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 8, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 8, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                              /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20336.DORSEY.MotionforCompassionateRelease.HEK.RMK.RHC.2.docx